IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDIN DIVELBISS,

    Plaintiff,

v.                                                    OPINION and ORDER

OFFICER ELBE and                            23-cv-299-jdp
CITY ATTORNEY RACHEL MAES,

    Defendants.

---

Plaintiff Randin Divelbiss, appearing pro se, alleges that a police officer and a city attorney violated his constitutional rights by issuing him a citation and prosecuting him. The court has allowed Divelbiss to proceed with the case without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen Divelbiss's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Divelbiss's complaint is extremely short. He states that he was "shaken down" by defendant officer Elbe and given a citation, and that defendant City Attorney Rachel Maes "illegally prosecuted [him] for free speech." Dkt. 1. He also states that these defendants and other officials forced him to appear in court, which he calls false imprisonment.

These threadbare allegations do not comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing

that the pleader is entitled to relief." The primary purpose of this rule is fair notice. But Divelbiss does not explain anything about the events surrounding the citation so that defendants could understand why Divelbiss believes that they violated his rights. He states that he attached to his complaint video evidence that proves his claims, but the clerk of court has noted that the court did not receive any video evidence.

I will dismiss Divelbiss's complaint but I will give him a chance to file an amended complaint fixing these pleading problems. In drafting his amended complaint, Divelbiss should remember to do the following:

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Video evidence cannot replace a complaint; he needs to explain in writing what happened.

If Divelbiss fails to submit an amended complaint by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Randin Divelbiss's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until June 13, 2023, to submit an amended complaint as directed in the opinion above.

Entered June 2, 2023.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge